## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RYAN ORDONYE,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  24-2084** |
| **KEVIN CLEMENT, ET AL.,**<br>    **Defendants** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court are Defendants: Kevin Clement, individually and in his official capacity as Mayor of the City of Thibodaux ("Mayor Clement"), and the City of Thibodaux ("the City") (collectively referred to as "the Defendants."). Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] Plaintiff, Ryan Ordonye,[2] opposes the motion.[3] Defendants filed a reply.[4]

## BACKGROUND

On August 24, 2024, Plaintiff, a former police officer in Thibodaux, Louisiana, filed a civil rights action against the Defendants.[5] Plaintiff alleges that Defendants "undertook a campaign of defamation and violation of privacy rights against the Plaintiff," "violat[ed] various administrative policies and constitutional laws," and constructively discharged Plaintiff from his position as a Thibodaux police officer.[6] Plaintiff asserts causes of action

---

[1] R. Doc. 13; FED. R. CIV. P. 12(b)(6).

[2] The Court notes that Plaintiff's name has been spelled differently throughout the pleadings. In the complaint and amended complaint, Plaintiff's name is spelled "Ordonye." R. Doc. 1, R. Doc. 10. In the newspaper article, *Loudermill* notice, and resignation letter attached to the complaint, as well as in the EEOC charge letter attached to the opposition to the motion to dismiss, Plaintiff's name is spelled as "Ordoyne." R. Doc. 10, pp 23-25; R. Doc. 15-1, p. 1. For purposes of this order and reasons, the Court will use the spelling as stated in Plaintiff's complaint.

[3] R. Doc. 15.

[4] R. Doc. 16.

[5] R. Doc. 1.

[6] *Id.*

under 42 U.S.C. § 1983;[7] the Americans with Disabilities Act ("ADA") at 42 U.S.C. § 12112;[8] and state law claims for defamation and invasion of privacy. [9] Plaintiff also seeks to recover from the City for the alleged state law torts under theories of *respondeat superior* and vicarious liability. [10]

Plaintiff alleges that he began working for the Thibodaux Police Department in August 2020 as a "Supervisor of Trustees, Police Guard."[11] Plaintiff alleges that, "[a]t all times relevant hereto, the Plaintiff was a full-time commissioned-police officer," and the position was "qualified as a Civil Service position under the Civil Service system, meaning that the Plaintiff could be terminated from his position only for good cause."[12] Plaintiff alleges that, as a result, he possessed a "constitutionally protected property interest in his job,"[13] which is also recognized in the "Louisiana Police [Officer] Bill of Rights."[14] Plaintiff alleges his "statutory entitlement to pre-termination substantive procedures give rise to a protected due process interest under the Fourteenth Amendment."[15] As to the City and Mayor Clement, Plaintiff alleges the City has the right to exercise its police power due to its Home Rule Charter,[16] which "vested all executive powers and functions of the City of Thibodaux in the Mayor," including the power to "[a]ppoint, suspend, or remove all City employees and officers."[17]

---

[7] 42 U.S.C. § 1983.

[8] 42 U.S.C. § 12112.

[9] *See generally* R. Doc. 1; R. Doc. 10. Plaintiff seeks to recover damages for emotional distress under his state law claims.

[10] Defendants argue that Plaintiff fails to identify whether the *respondeat superior* and vicarious liability theories are pursuant to his state or federal claims. R. Doc. 13-1, p. 2. *See* R. Doc. 10, p. 17. It is clear to the Court that Plaintiff seeks to recover under his state law claims against the City when he raises these theories of recovery. R. Doc. 10, pp. 17-18.

[11] R. Doc. 10, p. 5.

[12] *Id.*

[13] *Id.*

[14] *Id.*; LA. R.S. 40:2531.

[15] R. Doc. 10, p. 10.

[16] *Id.* at p. 3.

[17] *Id.* at p. 4.

Plaintiff alleges that, on August 28, 2023, while "experiencing a mental health crisis," he was working a security position at the Thibodaux City Courthouse.[18] Plaintiff alleges "an unfortunate incident arose" where he was "allegedly seen on security video footage taking about $200 . . . from a lost-and-found purse" at the courthouse.[19] Shortly after the incident, Plaintiff alleges he told another Thibodaux police officer about his mental health challenges.[20] On August 30, 2023, Plaintiff alleges he was placed under an Order of Protective Custody and transported to Thibodaux Regional Medical Center, where it was determined he required more intensive mental health treatment.[21] Plaintiff alleges he was transported to Universal Behavioral Health Hospital that same evening.[22] Plaintiff alleges he remained at the behavioral health hospital for fifteen days prior to his release on September 14, 2023.[23] Plaintiff alleges that, while at the hospital, few people knew of his whereabouts or actively communicated with him.[24]

Plaintiff alleges that, at some point during his stay at the hospital,  he was "charged with theft after taking money from the purse in the lost-and-found."[25] As a result, Plaintiff alleges he was placed on administrative leave by the Thibodaux Police Department.[26] Plaintiff alleges that his placement on administrative leave triggered his procedural due process rights, including his "right to notice and an opportunity to be heard" prior to any final employment decision being reached.[27]

Additionally, Plaintiff alleges that, on October 16, 2023, the Houma Courier-Daily

---

[18] *Id.* at p. 6.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.* at p. 7.
[24] *Id.*
[25] *Id.* at p. 6.
[26] *Id.*
[27] *Id.* at p. 7.

Comet published an article titled "Thibodaux Police officer charged with theft in incident caught on security camera."[28] Plaintiff alleges that Mayor Clement, "[d]espite being subject to the Louisiana Police [Officer] Bill of Rights with an ongoing investigation . . . disclosed extremely private information regarding [Plaintiff's] mental health, which he was not priv[y] to or had permission to release to the public."[29] Plaintiff alleges that, speaking to whether Plaintiff would ever work for the Thibodaux Police Department again, Mayor Clement stated:

> "He can't, I mean he can't," Clement said. "It's our policy to act on that stuff, and any time that happens to anyone, if they commit a crime, there's automatic termination. Our hands are kind of tied right now, because we acted on some mental-health issues that he was having to protect his rights and make sure things were done in a proper fashion. We have to wait until those 20 days are up, and we have to wait until he is cleared by the physician. But no, he won't be coming back to work for our police department."[30]

Plaintiff alleges that, on January 10, 2024, the Thibodaux Civil Service Director sent a letter to Mr. Ordonye notifying him that a *Loudermill*[31] hearing had been scheduled.[32] The letter attached to Plaintiff's complaint included a statement that the hearing would be held on January 17, 2024 and that Plaintiff would "have the opportunity to make a reply in writing or orally at this informal hearing . . . . fail[ure] to appear for the set hearing . . . [suggests] you are waiving your right to this informal hearing and do not wish to rebut any of the reasons listed for this action."[33] Plaintiff alleges that, on or about January 17, 2024, he was forced to resign from the Thibodaux Police Department.[34] The

---

[28] *Id.* Plaintiff attached a copy of the article to his amended complaint. R. Doc. 10, p. 23.

[29] *Id.* at p. 8 (sic).

[30] *See id.* at p. 23.

[31] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985). *Loudermill* hearings represent "[t]he essential requirements of due process" in allowing civil service employees "notice and an opportunity to respond" prior to termination. *Id.* at 546.

[32] R. Doc. 10, p. 19.

[33] *Id.* at p. 24.

[34] *Id.* at p. 19.

letter is attached.[35]

Plaintiff alleges that, "[w]hen Defendant Clement disclosed Mr. Ordonye's mental health [status], he created a working condition that was intolerable for him, giving him no choice but to resign."[36] Plaintiff alleges he lost job opportunities at the Thibodaux Police Department as a result of the incident.[37] Plaintiff also alleges he was never convicted of misdemeanor theft.[38]

Defendants filed their first motion to dismiss on November 4, 2024.[39] Plaintiff requested leave to amend his complaint in response to the motion to dismiss.[40] The Court granted Plaintiff leave to file a first amended complaint to "address[], fully and completely, all arguments raised in the Defendants' motion to dismiss."[41] After Plaintiff timely filed his first amended complaint,[42] the Court denied Defendants' first motion to dismiss without prejudice.[43]

Defendants filed a second motion to dismiss on December 30, 2024.[44] Relevant to the instant motion, Defendants seek dismissal of Plaintiff's (1) 42 U.S.C. § 1983 claims for violation of the Fourth and Fourteenth Amendments against Mayor Clement in both his individual and official capacities, (2) *Monell v. Department of Social Services*[45] claim against the City of Thibodaux, and (3) ADA claim against both Mayor Clement and the City.[46] Defendants also request that, "in the event this [m]otion is granted, . . . .

---

[35] *Id.* at p. 25.
[36] *Id.* at p. 10.
[37] *Id.* at p. 8.
[38] *Id.*
[39] R. Doc. 6.
[40] R. Doc. 7, p. 11.
[41] R. Doc. 9, p. 3.
[42] R. Doc. 10.
[43] R. Doc. 11.
[44] R. Doc. 13.
[45] 436 U.S. 658 (1978).
[46] *See* R. Doc. 13.

Defendants respectfully request the Court deny exercising supplemental jurisdiction over the state law claims and remand the case to state court."[47]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[48] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[49] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[50] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[51] Indeed, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[52]

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[53] However, "legal conclusions can provide the framework

---

[47] R. Doc. 13-1, p. 16.
[48] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[49] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[50] *Id.*
[51] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[52] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[53] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

of a complaint, [if] they [are] supported by factual allegations."[54] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[55] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[56] Whether a plaintiff "will be able to offer sufficient proof to support [his or her] claims is more appropriate in the context of a motion for summary judgment or a trial on the merits" rather than in a motion to dismiss.[57] "[I]ntensive disputes of material fact . . . are usually more appropriate for summary judgment . . . ."[58]

For plaintiffs alleging municipal liability claims, the complaint's "description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."[59] "'[T]he complaint need only allege facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable.'"[60]

## LAW AND ANALYSIS

Title 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .[61]

---

[54] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

[55] *Iqbal*, 556 U.S. at 679.

[56] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).

[57] *Smith v. GE Healthcare, Inc.*, No. 3:19-CV-00492, 2019 WL 4565246, at *7 (W.D. La. Sept. 4, 2019).

[58] *Dong Phuong Bakery, Inc. v. Gemini Soc'y, LLC*, No. CV 21-1109, 2022 WL 898750, at *5 (E.D. La. Mar. 28, 2022).

[59] *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018).

[60] *Id.* at 622-23 (citing *Groden v. City of Dallas*, 826 F.3d 280, 284, 286 (5th Cir. 2016)).

[61] 42 U.S.C. § 1983.

"Section 1983 confers no substantive rights, but merely provides a remedy for the violation [by a person acting under color of state law,] of rights secured under the Constitution and laws of the United States."[62] "To prevail on a Section 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States."[63] "A municipality or other local government may be liable under this section if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation."[64]

## I.    Plaintiff's 42 U.S.C. 1983 claim against Mayor Clement in his official capacity is duplicative of his claims against the City, and this claim will be dismissed.

As an initial matter, a suit against a government official in his official capacity, as Plaintiff brings against Mayor Clement in this case, is treated as a suit against the entity.[65] "Because official capacity suits are really suits against the governmental entity, . . . an official capacity [claim] is subsumed with[ the] identical claim against [the municipality]. [A] § 1983 claim against [the official] must be viewed as one asserted . . . in his personal capacity if it is to survive independently."[66] "When, as in this case, the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason, courts in this circuit have found it is

---

[62] *Broussard v. Lafayette City-Par. Consol. Gov't*, 45 F. Supp. 3d 553 (W.D. La. 2014) (quoting *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008)).

[63] *Barker on Behalf of Barker v. City of Plaquemine*, No. CV 17-340-SDD-RLB, 2019 WL 4580047, at *3 (M.D. La. Sept. 20, 2019) (citing *Blessing v. Freestone*, 520 U.S. 329, 340 (1997)); *Daniels v. Williams*, 474 U.S. 327, 330 (1986)).

[64] *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692, (1978)).

[65] *See, e.g.*, *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

[66] *Goodman v. Harris Cnty.*, 571 F.3d 388, 395-96 (5th Cir. 2009).

appropriate to dismiss them."[67]

In his amended complaint, Plaintiff asserts claims against "the City of Thibodaux" and against "Kevin Clement, in his individual[], as well as his official capacity as the Mayor of the City of Thibodaux."[68] Defendants point out that the "Amended Complaint again fails to establish the difference between the official capacity claims and the claims against the City . . . ."[69] Because the Court finds the claims asserted against Mayor Clement in his official capacity are duplicative of the claims against the City, the claims against Mayor Clement in his official capacity will be dismissed.[70] Plaintiff's only remaining claims against Mayor Clement are those asserted against him in his individual capacity.

## II. Plaintiff fails to state a *Monell* claim against the City of Thibodaux, and this claim will be dismissed.

To state a *Monell* claim, a plaintiff must allege an underlying constitutional violation.[71] In Count Two of his amended complaint, Plaintiff alleges the underlying constitutional violation he suffered was the "pattern [of] disseminating false information and privileged information regarding Plaintiff's privacy regarding his mental health as well as his constitutionally protected rights."[72] The underlying constitutional violation on which Plaintiff's *Monell* claim is based is unclear. In this case, the Court need not determine whether Plaintiff has adequately alleged an underlying constitutional violation because the *Monell* claim fails for other reasons.

To prevail at trial on a *Monell* claim, a plaintiff must establish that (1) an official

---

[67] *Broussard*, 45 F. Supp. 3d at 571 (citing *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001)).
[68] R. Doc. 10, p. 2.
[69] R. Doc. 13-1, p. 9.
[70] *See Castro Romero*, 256 F.3d at 355 ("The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves.").
[71] *See Albert v. City of Petal*, 819 F. App'x 200, 203 (5th Cir. 2020).
[72] R. Doc. 10, p. 12.

policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of the constitutional right.[73] Defendants argue that Plaintiff fails to meet the first prong of the *Monell* analysis because he does not allege facts that, if accepted as true, would establish that the City had a policy, practice, custom, or procedure of disclosing false, private health information in violation of an identified constitutional right.[74] Defendants argue that Plaintiff makes only a conclusory statement that there was a "pattern" of unconstitutional conduct but does not identify the specific policy, practice, custom, or procedure of which he complains.[75] Defendants also argue that Plaintiff has failed to meet the third element of the test for *Monell* liability because he does not allege facts that, if accepted as true, would establish that a relevant "City policy or custom that was the *moving force* behind a constitutional violation."[76]

In opposition to the Defendant's argument that Plaintiff has not alleged facts to establish the City had a policy, practice, or custom of disclosing health information, Plaintiff argues that, at the motion to dismiss stage, a plaintiff need not plead a relevant policy or widespread practice in "exhaustive detail."[77] Even if, as Plaintiff correctly argues, the relevant policy or widespread practice need not be described in "exhaustive detail" at this stage, it still must be described. To identify the existence of an official policy, a plaintiff may allege the existence of "written policy statements, ordinances, or

---

[73] *Hicks–Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017); *Henderson v. Harris Cnty.*, 51 F.4th 125, 130 (5th Cir. 2022), *cert. denied sub nom.*, *Henderson v. Harris Cnty.*, 143 S. Ct. 2661 (2023); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

[74] R. Doc. 13-1, p. 12.

[75] *Id.*

[76] *Id.* (emphasis added).

[77] R. Doc. 15, p. 2. The Court notes, as Defendants point out, that Plaintiff untimely filed his opposition to the motion to dismiss pursuant to Local Rule 7.5. The motion was set for submission on January 15, 2025, R. Doc. 13-2, and Plaintiff's opposition was due January 7, 2025. Plaintiff filed his opposition on January 9, 2025. R. Doc. 15.

regulations,"[78] or may allege the existence of "'[a] persistent, widespread practice of City officials or employees . . . so common and well-settled as to constitute a custom that fairly represents municipal policy.'"[79] In either case, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."[80]

In his amended complaint, Plaintiff alleges only that "Defendant Clement engaged in a pattern [of] disseminating false information and privileged information regarding Plaintiff's privacy regarding his mental health as well as his constitutionally protected rights."[81] The Plaintiff has failed to allege the existence of a specific written City policy that allows the release of information regarding an employee's health. Neither has the Plaintiff pointed to a custom of allowing the release of information regarding an employee's health so common it represents municipal policy.[82]

Even if Plaintiff had adequately alleged a City policy or custom, his *Monell* claim would fail because he fails to meet the third element of the test for *Monell* liability—that the City policy or custom was the moving force behind the constitutional violation. Under *Monell*, the causation standard requires a plaintiff to allege that the unconstitutional policy was the "moving force" behind the violation of the constitutional right.[83] To sufficiently allege "moving[-]force causation," "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct

---

[78] *Webb v. Town of Saint Joseph*, 925 F.3d 209, 215 (5th Cir. 2019).
[79] *Velazquez v. City of Westwego*, 531 F. Supp. 3d 1142, 1161-62 (E.D. La. 2021) (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).
[80] *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997) (internal quotations and citation omitted).
[81] R. Doc. 10, p. 12.
[82] Nor as a practical matter does Plaintiff allege that the City has routinely released such information.
[83] *Hicks–Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017).

causal link between the municipal action and the deprivation of federal rights."[84] The municipal decision must reflect "deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow."[85] "'[A] showing of simple or even heightened negligence will not suffice' to prove municipal culpability."[86] "The 'moving force' inquiry imposes a causation standard higher than 'but for' causation."[87] The Plaintiff fails to sufficiently allege that Mayor Clement took actions with the requisite degree of culpability and, as a result, has failed to plead that a City policy or custom was the moving force behind the constitutional violation.

The Court notes that Plaintiff was given the opportunity to amend his complaint to fully address the arguments made in the Defendants' first motion to dismiss, including arguments that Plaintiff failed to plead the existence of an unconstitutional pattern or practice under *Monell* and failed to plead facts showing the Defendants' behavior was the moving force behind a constitutional violation.[88] Because Plaintiff failed to remedy these deficiencies in his amended complaint, the Court notes that "[o]n this ground alone, the *Monell* claims can be dismissed as waived."[89]

In any event, Plaintiff does not argue that he has identified a written City policy,

---

[84] *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (citing *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).
[85] *Id.*
[86] *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (citing *Bd. of the County Comm'rs v. Brown*, 520 U.S. at 407).
[87] *Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 281 (5th Cir. 2015).
[88] *See* R. Doc. 6-1, p. 9.
[89] *Jordan v. Gautreaux*, No. CV 21-48-JWD-SDJ, 2023 WL 1491213, at *19 (M.D. La. Feb. 2, 2023) (citing *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (finding that claims could be deemed waived for failure to timely oppose); *JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (stating that, "[t]o avoid waiver, a party must identify relevant legal standards and 'any relevant Fifth Circuit cases' " and holding that, because appellant "fail[ed] to do either with regard to its underlying claims, . . . those claims [were] inadequately briefed and therefore waived."); *Jordan v. Gautreaux*, No. 21-48, 2022 WL 897549, at *15 n.2 (M.D. La. Mar. 25, 2022) (finding that certain claims against CorrectHealth could also be dismissed as waived because "Plaintiffs fail[ed] to substantively oppose dismissal of" them).

practice, custom, or procedure that caused the violation of his constitutional rights. Instead, Plaintiff argues he has pleaded a *Monell* claim against the City because he alleges that the "Home Rule Charter vested all executive powers and functions of the City of Thibodaux in the Mayor,"[90] and that the action taken by Mayor Clement "as a lawmaker and policymaking official is consider[ed] force of law."[91] Thus, Plaintiff relies on the "single-incident" theory to establish liability under *Monell*. Under this theory, "[a] single decision by a policy maker may, under certain circumstances, constitute a policy for which a [municipality] may be liable."[92]

Because Plaintiff alleges a single act by Mayor Clement as the official policymaker for the City constitutes the policy for which the City may be held liable, Plaintiff must allege facts that, if accepted as true, will establish the single incident exception.[93] A "single decision . . . constitute[s] municipal policy in 'rare circumstances' when the official or entity possessing 'final policymaking authority' for an action 'performs the specific act that forms the basis of the § 1983 claim.'"[94] "The single incident exception is a narrow one, and one that [the Fifth Circuit has] been reluctant to expand."[95] Unless the actor is the final policymaker for the municipality, "[a]llegations of an isolated incident are not sufficient,"[96] as "there is a particular danger that a municipality will be held liable for an injury not directly caused by a deliberate action attributable to the municipality itself."[97] In addition, the Plaintiff must allege facts necessary to establish the action by the final

---

[90] R. Doc. 15, p. 6.
[91] *Id.*
[92] *Brown v. Bryan Cnty.*, 219 F.3d 450, 462 (5th Cir. 2000).
[93] The parties do agree that Mayor Clement is the final policymaker for purposes of Plaintiff's *Monell* claim.
[94] *Webb v. Town of Saint Joseph*, 925 F.3d 209, 215 (5th Cir. 2019).
[95] *Burge v. St. Tammany Par.*, 336 F.3d 363, 373 (5th Cir. 2003).
[96] *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).
[97] *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997).

policymaker was the moving force behind the constitutional violation because it was intentional and malicious and/or committed with deliberate indifference.

To support his single-incident theory argument, Plaintiff alleges the specific action by Mayor Clement was his statement to the press, including his reference to Plaintiff's "mental-health issues," as well as his statement that it is "our policy to act on that stuff, . . . if they commit a crime, there's automatic termination."[98] Even though Plaintiff identifies Mayor Clement as the final policymaker for the City,[99] and the Defendants do not contest this characterization, the single incident exception is inapplicable. First, Plaintiff fails to meet his burden of pleading moving-force causation. To adequately plead the "extremely narrow" single-incident exception, the plaintiff must allege that the constitutional violation was a "highly predictable consequence" of the defendant policymaker's conduct,[100] such that the policymaker was in "complete disregard of 'the risk that a violation of a particular constitutional . . . right [would] follow the decision.'"[101] It is true that, elsewhere in his amended complaint, Plaintiff alleges in a conclusory fashion that Mayor Clement's actions were "intentional and malicious" and/or committed with deliberate indifference,[102] but he pleads no facts in support of these barebones allegations. The factual allegations found in Plaintiff's amended complaint are at the most negligence, but "a showing of heightened negligence is insufficient . . . to prove municipal liability."[103] Plaintiff has made only conclusory statements and has failed to support his

---

[98] R. Doc. 10, p. 8, 12.

[99] *See generally* R. Doc. 10.

[100] *Valle v. City of Houston*, 613 F.3d 536, 549 (5th Cir. 2010).

[101] *Liggins v. Duncanville*, 52 F.4th 953, 955 (5th Cir. 2022) (citing *Bd. of the County Comm'rs v. Brown*, 520 U.S. at 411 (alterations in original)). This is often referred to as the "deliberate indifference framework." *Id.*

[102] *See* R. Doc. 10, p. 10.

[103] *Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015).

allegation that Mayor Clement was deliberately indifferent or made a malicious statement in complete disregard of the known or obvious fact that his conduct would result in a violation of Plaintiff's constitutional rights. As a result, Plaintiff fails to allege Mayor Clement had the culpability necessary to establish moving-force causation. Plaintiff's *Monell* claim also fails under the single incident theory.

For the foregoing reasons, Plaintiff fails to state a *Monell* claim against the City, and this claim will be dismissed.

### III. Plaintiff has pleaded 42 U.S.C. 1983 claims against Mayor Clement in his individual capacity.[104]

In his amended complaint, Plaintiff asserts claims against Mayor Clement in his individual capacity for violations of his privacy and due process rights under the Fourth and Fourteenth Amendments.[105] Plaintiff alleges that "Defendant Clement engaged in a pattern disclosure in order to retaliate against the Plaintiff and to create an intolerable work environment . . . . to have him quit his employment. These activities, which were taken under color of law, violated Plaintiff's right to substantive and procedural due process as guaranteed by the Fourteenth Amendment . . . ."[106] Plaintiff further alleges "Defendant Clement . . . violated Plaintiff's privacy and due process rights by obtaining

---

[104] In his amended complaint, Plaintiff states under the "Jurisdiction and Venue" section that he "brings this action . . . to vindicate his rights guaranteed by the Fourth, Sixth, and Fourteenth Amendments." R. Doc. 10, p. 2. Plaintiff does not mention the Sixth Amendment elsewhere in his complaint or in any of his factual allegations against the Defendants. In their motion to dismiss, Defendants state in a footnote that "Defendants assume this was asserted in error. The Sixth Amendment guarantees a criminal defendant the right to counsel. *See Gideon v. Wainwright*, 372 U.S. 335 (1963); *Luis v. United States*, 578 U.S. 5, 10-12 (2016). There are no factual allegations in the Amended Complaint addressing a Sixth Amendment violation." R. Doc. 13-1, p. 9, n.2. Further, Plaintiff does not support his Sixth Amendment claim in his opposition to the motion to dismiss and thus, has abandoned any such claim. *See generally* R. Doc. 15; *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (explaining that failure to pursue a claim beyond the complaint by failing to brief the claim in response to arguments made in a motion to dismiss constitutes abandonment). As a result, the Court also believes the reference to the Sixth Amendment was inadvertent and will not address any purported Sixth Amendment claim.

[105] R. Doc. 10, pp. 9-10. Plaintiff entitles "Count One" of his amended complaint "Violation of the 4th and 14th Amendments of the United States Constitution."

[106] *Id.* at p. 10.

Mr. Ordonye's private mental health information under knowingly false pretenses" and disclosing the information to the newspaper.[107]

Specifically as to his due process claim, Plaintiff alleges that, as a "full-time commissioned-police officer with the Thibodaux Police Department," his position qualified as a civil service position, and he could be terminated only for good cause.[108] Plaintiff alleges that before he could be discharged, he was entitled to notice and an opportunity to be heard under *Loudermill* and the "Louisiana Police [Officer] Bill of Rights."[109] Plaintiff alleges that Mayor Clement "disclosed a pre-determined outcome of termination [of] Mr. Ordonye's status as a police officer despite the fact no *Loudermill* hearing had been conducted."[110] Additionally, Plaintiff alleges that, "[w]hen Defendant Clement disclosed Mr. Ordonye's mental health, he created a working condition that was intolerable for him, giving him no choice but to resign."[111] Plaintiff alleges that Mayor Clement "attempted to undermine Plaintiff in order to have him quit his employment."[112] Plaintiff points to the emotional distress allegations in his complaint to argue that he adequately pleaded facts demonstrating his humiliation to support his constructive discharge claim.[113]

As to his privacy claim, Plaintiff alleges that he has "privacy rights" in his confidential medical information.[114] Plaintiff alleges that Mayor Clement violated his privacy rights by obtaining his private mental health information under "false pretenses"

---

[107] *Id.* at pp. 10-11.
[108] *Id.* at p. 5.
[109] *Id.* at p. 7.
[110] *Id.* at p. 8.
[111] *Id.* at p. 10.
[112] *Id.*
[113] *See id.* at p. 11.
[114] *See id.* at p. 1, 10.

and sharing the information with the Houma newspaper.[115] Plaintiff alleges he was "mortified" that his mental health information was disclosed to unauthorized third parties.[116] Plaintiff attached to his complaint the article published by the Houma Courier-Thibodaux Daily Comet containing the statement made by Mayor Clement, which publicly revealed Plaintiff's mental health issues.[117]

At the motion to dismiss stage, a plaintiff must allege a "(1) deprivation of a right secured by the U.S. Constitution or federal law, (2) that occurred under color of state law, and (3) was caused by a state actor."[118] To state a § 1983 claim against a public official in his individual capacity, a plaintiff must "establish that the defendant was either personally involved in a constitutional deprivation or that his wrongful actions were causally connected to the constitutional deprivation."[119]

The Court finds that Plaintiff sufficiently pleads both (1) a procedural due process claim and (2) a right to privacy claim against Mayor Clement in his individual capacity, arising out of the same set of factual allegations. Plaintiff alleges that Mayor Clement, as Mayor of the City of Thibodaux, State of Louisiana[120] was "designated as the Chief Executive Officer" of the City and had "the authority to exercise any power and perform any function necessary."[121] Plaintiff alleges that Mayor Clement was "either personally involved in a constitutional deprivation or that his wrongful actions were causally connected to the constitutional deprivation."[122]

---

[115] *Id.* at p. 10.
[116] *Id.* at p. 8.
[117] *Id.* at p. 23.
[118] *Sterling v. Narcisse*, No. CV 23-44, 2024 WL 3635538 (E.D. La. June 11, 2024) (quoting *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted)).
[119] *Jones v. Lowndes Cnty.*, 678 F.3d 344, 349 (5th Cir. 2012).
[120] R. Doc. 10, p. 2.
[121] *Id.* p. 4.
[122] *Jones,* 678 F.3d at 349.

A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[123] On a motion to dismiss, asserted claims are construed in favor of the claimant, and all facts pleaded are taken as true.[124] Individual capacity claims require "allegations of . . . personal involvement or some other form of causation to connect him to a violation."[125] "[I]ndividual liability for a government official who violates constitutional rights . . . turns on traditional tort principles of 'but-for' causation,"[126] which is lower standard than moving-force causation. At the motion to dismiss stage, Plaintiff has adequately pleaded facts that if true would satisfy the "but-for" causation standard by alleging that Mayor Clement was personally involved in violating his constitutional rights and alleging the nature of that involvement. For the foregoing reasons, Plaintiff sufficiently alleges § 1983 claims against Mayor Clement in his individual capacity.[127]

## IV.    Plaintiff failed to administratively exhaust his claims under the ADA; Plaintiff's ADA claim will be dismissed without prejudice.

In Count Eight of Plaintiff's amended complaint, Plaintiff asserts ADA claims against Defendants under 42 U.S.C. § 12112.[128] Section 12112(a) of the ADA protects

---

[123] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[124] *See Degenhardt v. Bintliff*, 117 F.4th 747, 752 (5th Cir. 2024); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[125] *Davis v. Lopinto*, No. CV 22-2521, 2022 WL 5292451, at *3 (E.D. La. Sept. 8, 2022), *report and recommendation adopted*, No. CV 22-2521, 2022 WL 5241937 (E.D. La. Oct. 6, 2022); *Marks v. Hudson*, 933 F.3d 481, 490 (5th Cir. 2019).

[126] *Sims v. City of Madisonville*, 894 F.3d 632, 639 (5th Cir. 2018).

[127] The Court notes that "[s]ection 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."[127] To the extent Plaintiff asserts federal claims against Mayor Clement based on factual allegations of defamation, which affected his ability to secure employment and form the basis of his state law defamation claim, these allegations cannot support his § 1983 claims. [127] *Dean v. City of New Orleans*, 2012 WL 2564954, at *12 (E.D. La. 2012) (quoting *Vander Zee v. Reno*, 73 F.3d 1365, 1369 (5th Cir. 1996) ("'[S]o long as such damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a [federal civil rights] action.'")).

[128] R. Doc. 10, pp. 17-18.

individuals with qualified disabilities from employment discrimination on the basis of their disability.[129] Section 12112(d) prohibits employers from releasing employees' confidential medical information acquired during an entrance exam or a disability-related inquiry.[130] Plaintiff alleges that Mayor Clement violated the ADA through committing an unauthorized disclosure of Plaintiff's medical information to the press, which resulted in "tangible injury" to him, including his forced resignation.[131]

Defendants argue Plaintiff's ADA claims should be dismissed for failure to exhaust administrative remedies because, on the face of the complaint, Plaintiff failed to timely file an EEOC charge and obtain a right-to-sue letter prior to commencing the action.[132] Defendants argue that, while Plaintiff's amended complaint includes an EEOC charge number,[133] "[t]here is no way to verify the timeliness or subject matter of the alleged charge," and the amended complaint "does not allege whether Plaintiff received a right-to-sue letter."[134] Defendants further argue that substantively, Plaintiff also fails to adequately allege a viable ADA claim under both § 12112(a) and (d).[135] Defendants argue that Plaintiff fails to allege he was discriminated against based on a qualified disability under § 12112(a).[136] Defendants argue Plaintiff fails to state a claim under §12112(d) for release of confidential medical information because he fails to allege that the information was confidential and obtained through a disability-related inquiry as required by the statute.[137] Defendants argue the complaint is devoid of factual allegations as to how

---

[129] 42 U.S.C. § 12112(a).
[130] *Id.* § 12112(d).
[131] R. Doc. 10, pp. 18-20.
[132] *Id.* at pp. 12-13.
[133] *See* R. Doc. 10, p. 18.
[134] *Id.* at p. 13.
[135] *Id.*
[136] *Id.*
[137] *Id.* at p. 14.

Defendants acquired the medical information, nor does Plaintiff sufficiently allege how the disclosure resulted in a tangible injury to Plaintiff because he chose to resign.[138]

In opposition, Plaintiff argues that unauthorized disclosure of confidential medical information to the press "may constitute a violation of the ADA."[139] In response to Defendants' exhaustion arguments, Plaintiff concedes in his conclusion section that "he would like the opportunity to obtain the Right to Sue from DOJ, which [he] still has not received."[140]

"The Fifth Circuit Court of Appeals requires that an employee comply with the ADA's administrative prerequisites prior to commencing an action in federal court against his employer for violation of the ADA."[141] "The exhaustion requirement is satisfied when plaintiff files a timely charge with the EEOC and receives a statutory right-to-sue notice."[142] "This requirement is strictly construed, and courts have routinely dismissed cases in which the plaintiff did not allege that they received a right-to-sue letter or failed to present evidence that such a letter had issued."[143]

In the amended complaint, Plaintiff alleges that he filed an EEOC charge, charge number 461-2024-03858, under the ADA.[144] Plaintiff makes no allegation that he ever received a right-to-sue letter, nor does he attach a right-to-sue letter to his complaint. Plaintiff concedes in his opposition to the motion to dismiss that he has not received a

---

[138] *Id.* at pp. 14-15.
[139] *Id.* at p. 14.
[140] *Id.* at p. 15.
[141] *Wesley v. Dallas Indep. Sch. Dist.*, No. 3-08-CV-2025-K, 2009 WL 193786, at *2 (N.D. Tex. Jan. 27, 2009) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-789 (5th Cir. 1996)).
[142] *E.E.O.C. v. Res. for Hum. Dev., Inc.*, 827 F. Supp. 2d 688 , 697 (E.D. La. 2011).
[143] *Banks v. Hazlehurst City Sch.*, No. 3:15CV355-DPJ-FKB, 2016 WL 2654369 (S.D. Miss. May 4, 2016) (citations omitted) (citing *Hall v. Ouachita Parish Corr. Center*, No. 07-2187, 2008 WL 724230, at *2 (W.D. La. Mar. 17, 2008) (dismissing claim for failure to exhaust administrative remedies where plaintiff did not provide evidence of receipt of right-to-sue letter or allege that he received the letter)).
[144] R. Doc. 10, p. 18.

right-to-sue letter.[145] As a result, Plaintiff has failed to plead that he exhausted his administrative remedies with respect to his ADA claims, preventing him from pleading plausible claims for relief under the ADA. The Court will dismiss these claims without prejudice.[146]

## V.    The Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

Finally, Defendants argue that, if the Court dismisses all of Plaintiff's federal claims, the Court should refrain from exercising supplemental jurisdiction and remand the case to state court.[147] Because the Court has found that Plaintiff has stated 42 U.S.C. § 1983 claims against Mayor Clement in his individual capacity, the Court will, for the time being, continue to exercise supplemental jurisdiction over Plaintiff's state law claims.[148]

Accordingly;

**<u>CONCLUSION</u>**

**IT IS ORDERED** that the Motion to Dismiss[149] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss is **DENIED** with respect to Plaintiff's 42 U.S.C. § 1983 claims against Mayor Clement in his individual capacity.

---

[145] R. Doc. 15, p. 15.

[146] The Fifth Circuit has held that dismissal for failure to exhaust an ADA claim is nonjurisdictional. *Williams v. J.B. Hunt Transp.*, Inc., 826 F.3d 806, 810 (5th Cir. 2016). The Court does not consider Defendants' contention that Plaintiff's allegations fail to state claims under the ADA because Plaintiff has failed to meet the prerequisite of exhausting his administrative remedies.

[147] R. Doc. 13-1, p. 16.

[148] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005) (Section 1367(a) "is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction."). The Court reserves the right to forego the exercise of its supplemental jurisdiction if summary judgment is granted on all federal law claims.

[149] R. Doc. 13.

**IT IS FURTHER ORDERED** that the Motion to Dismiss is **GRANTED** with respect to the following claims:

Plaintiff's claim against the City of Thibodaux under *Monell v. Department of Social Services* is **DISMISSED WITH PREJUDICE.**

Plaintiff's claim against Mayor Clement in his official capacity is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's Americans with Disabilities Act claims against Mayor Clement in his individual capacity and the City are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies prior to filing suit.

**IT IS FURTHER ORDERED** that the Court will, at this time, continue to exercise supplemental jurisdiction over Plaintiff's state law claims.

**New Orleans, Louisiana, on this 3rd day of February, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**